***LAW OFFICES OF JAMES P. SAVIO***
9220 Amherst Avenue, First Floor
Post Office Box 3163
Margate, NJ 08402
(609) 823-2555
Attorneys for Plaintiffs John and Ann Sutcliffe
File No. 7155-JPS

| | |
|---|---|
| JOHN SUTCLIFFE AND ANN SUTCLIFFE, HUSBAND AND WIFE,<br><br>Plaintiff,<br><br>vs.<br><br>ST. JUDE MEDICAL, INC.,<br><br>Defendant. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA<br><br>CIVIL NO. 01-1581-JRT<br><br>CIVIL ACTION<br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN THE ACTION FOR THE LIMITED PURPOSE OF ADJUDICATING THE ALLOCATION OF SETTLEMENT PROCEEDS** |

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

The procedural history and facts relevant to the instant matter are set forth in the Certification of Counsel in support of this motion, submitted herewith and incorporated herein by reference. The case is presently dismissed with prejudice by Order of March 31, 2005, but the Court retained jurisdiction to reopen the case for good cause.

The settlement of this action was negotiated by the parties in light of the elements of damages that are recoverable under New Jersey law. Plaintiff brings this motion for an adjudication of the allocation of settlement proceeds to make clear that the law under which this case was brought relieves defendants of all responsibility for making payment in respect of any loss compensated by way of a collateral source, and precludes plaintiff's recovery of any such payment as an element of damages. Entry of

such an order disposes of any claim to reimbursement of medical expenses that might be asserted by the Medicare program, and will allow consummation of the settlement agreement negotiated by the parties.

## LEGAL ARGUMENT

### I. A PLAINTIFF MAY NOT RECOVER IN A TORT ACTION LOSSES THAT WERE COMPENSATED THROUGH A COLLATERAL SOURCE.

In the context of a tort action, it is readily apparent that under New Jersey law, no defendant may be held responsible to make any payment with respect to any loss otherwise compensated through a collateral source (other than workers compensation of life insurance benefits). Specifically, New Jersey's collateral source statute, N.J.S.A. 2A:15-97, provides:

> In any civil action brought for personal injury or death, . . . if a plaintiff receives or is entitled to receive benefits for the injuries allegedly incurred from any other source other than a joint tort feasor, the benefits, other than workers' compensation benefits or the proceeds from a life insurance policy, shall be disclosed to the court and the amount thereof which duplicates any benefit contained in the award shall be deducted from any award recovered by the plaintiff . . . .

The New Jersey courts – including the Supreme Court – have repeatedly held this statute's effect to be consistent with the plain meaning of its text: a plaintiff's tort recovery may not include an award for any insured loss, aside from the statutory carve-outs of workers compensation and life insurance benefits. *See, e.g.,* Perreira v. Rediger, 169 N.J. 399, 409-11 (2001); Kiss v. Jacob, 138 N.J. 278, 282 (1994); Fayer v. Keene Corp., 311 N.J. Super. 200, 208 (App. Div. 1998); Parker v. Esposito, 291 N.J. Super. 560, 565 (App. Div. 1996); and Lusby v. Hitchner, 273 N.J. Super. 578, 591 (App. Div. 1994).

In the case at bar, certain medical expenses incurred by plaintiff were paid for through the federal government's Medicare program. Since these expenses were covered by benefits from a source other than a joint tortfeasor, plaintiff in this action is statutorily barred from recovering them as damages; consequently, defendants who may be otherwise liable for damages are under no obligation to make any payment to plaintiff with respect to Medicare-covered items or services.

Because there is no legal obligation to compensate the plaintiff for losses covered by collateral sources, settlement negotiations in this case focused exclusively on the elements of damages that actually are compensable under the applicable law: bodily injury, disability, pain and suffering, emotional distress and any uncompensated economic loss. Where the law specifically prohibits a plaintiff's recovery of insured losses, it logically follows that settlement of the action necessarily excludes payment for those items of expense. In fact, had this case proceeded to trial, the Court would have been statutorily obligated to mold any verdict to deduct amounts awarded in respect of any medical expenses covered by collateral sources. Dias v. A.J. Seabra's Supermarket, 310 N.J. Super. 99, 102 (App. Div. 1998); *see also* Thomas v. Toys "R" Us, Inc., 282 N.J. Super. 569 (App. Div.), *certif. denied,* 142 N.J. 574 (1995).

**II. MEDICARE IS NOT ENTITLED TO REIMBURSEMENT WHERE A PLAINTIFF'S RECOVERY DOES NOT AND CANNOT INCLUDE COMPENSATION FOR ANY MEDICARE-COVERED EXPENSE.**

Although the ultimate purpose of this motion is to resolve any potential Medicare claim to reimbursement, plaintiff here is not asking this Court to rule on the substantive validity of any underlying claim for medical reimbursement. Instead, the Medicare Secondary Payer Act ("MSPA"), 42 U.S.C. § 1395y(b)(2), itself, as well as Medicare's

own policies and procedures, make it clear that an adjudication of the matter as between plaintiff and defendants in the underlying case will serve to bind Medicare. All this Honorable Court need do is apply the MSPA and Medicare's policies and procedures to this case such that an Order can be entered precluding any claim by Medicare or its third-party collector to a portion of the settlement proceeds or separate action to recover against the plaintiff.

The MSPA specifies that repayment for any Medicare-covered item or service is required only "if it is demonstrated that such primary plan [*i.e.*, an insurance carrier or a self-insured tortfeasor] has or had a responsibility to make payment with respect to such item or service." 42 U.S.C. § 1395y(b)(2)(B)(ii).[1] By amending the statute in 2003 to include this language, Congress has now made it crystal clear that Medicare's right to reimbursement is strictly contingent on a beneficiary's right to recover medical expenses in a third-party liability, workers compensation or "no-fault" insurance claim. Where a beneficiary has or had no such right, neither does Medicare.

This limitation on Medicare's right to reimbursement is completely in accord with the long-standing policies and procedures set out in the Department of Health and Human Services Medicare Intermediary Manual, recently revised and now known as the Medicare Secondary Payer ("MSP") Manual. Section 50.4.4 of the MSP Manual (formerly § 3418.7 of the Intermediary Manual) specifically states, in pertinent part:

> . . . Medicare recognizes allocations of liability payments to nonmedical losses . . . when payment is based on a court order on the merits of the case. If the court or other adjudicator of the merits specifically designates amounts that are payment for pain and suffering or other amounts not related to medical services, Medicare will accept the Court's designation. ***Medicare does not***

[1] The statute also provides that a determination of "responsibility for such payment may be demonstrated by a judgment." Id.

> *seek recovery from portions of court awards that are designated as payment for losses other than medical services.*

(emphasis added). *See* Exhibit B attached to counsel's Certification in support of this motion.

Similarly, the MSP Manual instructs that "If a [state] wrongful death statute does not permit recovering medical damages, Medicare has no claim to the wrongful death benefits." Section 50.5.4.1.1 (formerly Intermediary Manual § 3418.20(B)). Id.

Thus, in the case of both personal injury and wrongful death damages, Medicare expressly submits to state law adjudication in determining whether it has any claim for reimbursement. This determination does not in any way implicate matters of federal preemption, but merely establishes a condition precedent to any Medicare reimbursement claim.

In this matter – as in all civil actions in New Jersey – a third party's "responsibility to make payment" with respect to any item or service otherwise paid for through a collateral source is governed by the state collateral source statute, N.J.S.A. 2A:15-97. The statute provides that no tort defendant has any responsibility to make payment with respect to a loss otherwise compensated through a collateral source (other than workers compensation or life insurance benefits). The statute and its interpretive case law have already acted as an "adjudicator of the merits" on this issue, determining in advance that no portion of any personal injury recovery is to include reimbursement for medical services paid for by a collateral source, such as Medicare. As a result, past and future medical bills are not part of settlement negotiations with defendants and are not part of any recovery that may be obtained. By virtue of the collateral source statute, any settlement in this matter necessarily relates only to non-economic losses (*e.g.,*

bodily injury, disability, pain and suffering, disfigurement, loss of consortium, etc.) and uninsured/uncompensated economic losses (*e.g.,* lost wages).

In sum, the MSPA and the Medicare Secondary Payer Manual expressly condition Medicare's right to reimbursement on the beneficiary's right to a recovery of medical expenses from some other source. The law of New Jersey, under which plaintiff's claim was brought, broadly prohibits a claimant's recovery of any loss otherwise covered by a collateral source. Thus, because in this case no third party has any responsibility to make such payment for medical expenses, under the plain language of the MSPA and Medicare's own Secondary Payer Manual, Medicare has no authority to claim a right of reimbursement.

## CONCLUSION

For all of the foregoing reasons, plaintiff respectfully requests that this Court enter an Order adjudicating the allocation of settlement proceeds in this matter, specifying that no portion of the recovery obtained through this action is attributable to otherwise-compensated medical expenses, and allocating such recovery as is obtained solely to non-economic and other uncompensated loss.

Respectfully submitted,

s/James P. Savio

James P. Savio, Esquire
Attorneys for the Plaintiffs,
John and Anne Sutcliffe

Dated: April 27, 2005