LAW OFFICES OF JAMES P. SAVIO
9220 Amherst Avenue, First Floor
P.O. Box 3163
Margate, NJ 08402
(609) 823-2555
Attorneys for Plaintiffs John Sutcliffe and Ann Sutcliffe
File No. 7155-JPS

| | |
|---|---|
| JOHN SUTCLIFFE AND ANN SUTCLIFFE, HUSBAND AND WIFE,<br><br>Plaintiff,<br><br>vs.<br><br>ST. JUDE MEDICAL, INC.,<br><br>Defendant. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA<br><br>CIVIL NO. 01-1581-JRT<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' MOTION TO REOPEN THE ACTION FOR THE LIMITED PURPOSE OF ADJUDICATING THE ALLOCATION OF SETTLEMENT PROCEEDS** |

I, James P. Savio, being of full age do hereby certify as follows:

1. I am an attorney licensed to practice law in the State of New Jersey and I am admitted to practice in the United States District Court. I am counsel for the plaintiffs in the above-captioned matter I am fully familiar with the facts recited herein and relevant to the instant motion.

2. This matter arises as a medical device liability action brought to recover damages that plaintiff alleges are the result of the implantation into plaintiff of a St. Jude Medical Incorporated Silzone mitral valve on September 24, 1999.

3. Plaintiffs' action includes, *inter alia,* claims for bodily injury, disability, pain and suffering, emotional distress, and economic loss. Some of the medical treatment for the personal injuries suffered by plaintiff was paid for through the federal government's Medicare program.

4. The parties have agreed to settle this action by way of payment of a sum of money to plaintiff and on March 31, 2005, the Honorable John R. Tunheim entered an Order dismissing the case with prejudice. The Order also provided that the Court "will retain jurisdiction for sixty days to permit any party to move or reopen the action for good cause shown . . . " See Exhibit "A" attached hereto.

5. The Medicare program, through its contractor, has indicated that as a result of the settlement of action, it may have claim to reimbursement of the medical expenses it covered, pursuant to the Medicare Secondary Payer Act ("MSPA"), 42 U.S.C.§ 1395(y)(b)(2). *See* Exhibit "B" attached hereto.

6. As described more fully in the Brief submitted herewith, the MSPA specifically requires, as a condition precedent to Medicare's right of reimbursement, that a third party "has or had a responsibility to make payment with respect to such [Medicare-covered] item or service." 42 U.S.C. § 1395y(b)(2)(B)(ii).

7. As described more fully in the Brief submitted herewith, the United States Department of Health and Human Services, in its Medicare Intermediary Manual (now known as the Medicare secondary Payer Manual), expressly provides that Medicare seeks no reimbursement where the resolution of a claim has been adjudicated to exclude Medicare-covered expenses, or where the state statute generally precludes the recovery of medical expenses. *See* Medicare Secondary Payer Manual, Chapter 7, Contractor MSP Recovery Rules, §§ 50.4.4. and 50.5.4.1.1 (formerly Medicare Intermediary Manual, Chapter V, Special Provisions Related to Payment, §§ 3418.7 and 3418.20), attached hereto as Exhibit "C".

8. This action, initially brought in the Superior Court of New Jersey, then removed to the United States District Court in Camden, New Jersey, and then further

removed to the United States District Court, District of Minnesota, is subject to the laws of New Jersey governing tort recoveries, including the state collateral source statute, N.J.S.A. 2A:15-97, and its interpretive case law.

9. As described more fully in the Brief submitted herewith, plaintiffs in civil actions brought under New Jersey law are broadly prohibited from recovery of any loss otherwise compensated through a collateral source (with the statutory exception of life insurance and workers compensation benefits). Thus, no tort defendant bears any responsibility to make payment with respect to such loss, and plaintiffs are statutorily precluded from receiving any compensation for medical expenses covered by another source.

10. Because New Jersey law does not permit a plaintiff's tort recovery of losses (such as medical expenses) that have been compensated by way of collateral sources, such losses were not considered in settlement negotiations between the parties to this action and are not part of any recovery that may be obtained.

11. Accordingly, plaintiff herein seeks an Order (1) specifying that no portion of the recovery obtained through this action is attributable to otherwise-compensated medical expenses, and (2) allocating such recovery as is obtained solely to non-economic and uncompensated loss.

12. Medicare, through its contractor, CMS (Centers for Medicare and Medicaid Services) has been put on notice regarding the attached Motion to adjudicate the allocation of settlement proceeds in this action.

13. Plaintiff contends that "good cause" is served to reopen the action for the limited purpose of adjudicating the allocation of the proceeds such that all outstanding issues with respect to the settlement can be addressed with finality.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statement made by me are willfully false, I am subject to punishment.

s/James P. Savio

James P. Savio, Esquire
Attorney for Plaintiffs,
John Sutcliffe and Ann Sutcliffe

Dated: April 27, 2005