**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

**JOHN AND ANN SUTCLIFFE,**

Plaintiffs,

v.

**ST. JUDE MEDICAL, INC.,**

Defendant.

Civil No. 01-1581 JRT
01-MD-1396 JRT/FLN

**ORDER OF DISMISSAL**

---

James P. Savio, **SAVIO LAW OFFICE**, 9220 Amherst Avenue, First Floor, Post Office Box 3163, Margate, New Jersey 08402, for plaintiffs.

David C. Cooner, **McCARTER & ENGLISH**, Four Gateway Center, 100 Mulberry Street, Newark, New Jersey 07102, for defendant.

The Court having been advised that the above action has settled,

IT IS HEREBY ORDERED that this action is dismissed with prejudice, the Court retaining jurisdiction for sixty days to permit any party to move or reopen the action, for good cause shown, or to submit and file a stipulated form of final judgment, or to seek enforcement of the settlement terms.

DATED: March 31, 2005
at Minneapolis, Minnesota.

s/John R. Tunheim
JOHN R. TUNHEIM
United States District Judge

ALL-STATE LEGAL®
EXHIBIT
A

CMS
CENTERS for MEDICARE & MEDICAID SERVICES
www.cms.gov

Medicare
Part A Intermediary
Beneficiaries
1-800-MEDICARE
(1-800-633-4227)

**HIGHLY CONFIDENTIAL**

February 14, 2005

John Sutcliff
708 Oakhurst Avenue
Absecon NJ 08204

RE: John Sutcliff
HIC No.: 182241805A
Date of Loss: February 24, 1999

Dear Mr. Sutcliff:

Reference is made to the above Medicare beneficiary and our previous correspondence to your office regarding the same.

Please note that to date, total Medicare disbursements made by contractors subsequent to the date of loss are $92,327.05, comprised of $79,681.27 by Part A and $12,645.78 by Part B. A history of claims paid is attached for your review and reference. **PLEASE VERIFY THAT THE ABOVE REFERENCED IS THE CORRECT DATE OF LOSS.**

Although we have attempted to list only those claims directly related to the accident, the information contained therein should not be construed as all-inclusive. Your cooperation in verifying that these payments relate to the accident and that there have been no additional payments will be appreciated. Medicare has no liability to pay for any services related to the injury furnished before the date of settlement which were not brought to Medicare's attention. 42 C.F.R. Section 411.37 provides guidelines for determining the amount to be reimbursed to Medicare once payment is made by a liability insurer. Basically, Medicare will reduce its claim by a proportionate share of the cost incurred by the beneficiary in procuring the judgment or settlement.

When a settlement has been reached, please provide a copy of the settlement agreement showing the settlement date and amount of the award as well as an itemized statement of attorney's fees and procurement costs. This will enable us to determine the Medicare reimbursement after allowance for procurement costs. We will then send you a letter stating the amount of reimbursement due and advising the beneficiary's appeal rights.



ALL-STATE LEGAL®
EXHIBIT
B

Sincerely,

Wendy Pedigo

Wendy Pedigo
Medicare Subrogation Analyst
423-763-7089

**Remarks – a copy of the paid claims history has been sent to the beneficiary only. Once we receive a signed authorization we will release the paid claims history to the attorney.**

# PRESCRIPTION DRUG AND MEDICARE IMPROVEMENT ACT OF 2003

[42 U.S.C. 1395(y)(b)](2) Medicare secondary payer

(A) In general

Payment under this subchapter may not be made, except as provided in subparagraph (B), with respect to any item or service to the extent that--

(i) payment has been made, or can reasonably be expected to be made, with respect to the item or service as required under paragraph (1), or

(ii) payment has been made, or can reasonably be expected to be made ~~promptly (as determined in accordance with regulations)~~ under a workmen's compensation law or plan of the United States or a State or under an automobile or liability insurance policy or plan (including a self-insured plan) or under no fault insurance.

In this subsection, the term ``primary plan" means a group health plan or large group health plan, to the extent that clause (i) applies, and a workmen's compensation law or plan, an automobile or liability insurance policy or plan (including a self-insured plan) or no fault insurance, to the extent that clause (ii) applies. An entity that engages in a business, trade, or profession shall be deemed to have a self-insured plan if it carries its own risk (whether by a failure to obtain insurance, or otherwise) in whole or in part.

(B) Conditional payment

(i) AUTHORITY TO MAKE CONDITIONAL PAYMENT- The Secretary may make payment under this title with respect to an item or service if a primary plan described in subparagraph (A)(ii) has not made or cannot reasonably be expected to make payment with respect to such item or service promptly (as determined in accordance with regulations). Any such payment by the Secretary shall be conditioned on reimbursement to the appropriate Trust Fund in accordance with the succeeding provisions of this subsection.

~~(i)~~ (ii) Repayment required

~~Any payment under this subchapter with respect to any item or service to which subparagraph (A) applies shall be conditioned on reimbursement to the appropriate Trust Fund established by this subchapter when notice or other information is received that payment for such item or service has been or could be made under such subparagraph.~~ A primary plan, and an entity that receives payment from a primary plan, shall reimburse the appropriate Trust Fund for any payment made by the Secretary under this title with respect to an item or service if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service. A primary plan's responsibility for such payment may be demonstrated by a judgment, a payment

conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means. If reimbursement is not made to the appropriate Trust Fund before the expiration of the 60-day period that begins ~~on the date such notice or other information is received~~ on the date notice of, or information related to, a primary plan's responsibility for such payment or other information is received, the Secretary may charge interest (beginning with the date on which the notice or other information is received) on the amount of the reimbursement until reimbursement is made (at a rate determined by the Secretary in accordance with regulations of the Secretary of the Treasury applicable to charges for late payments).

~~(ii)~~ (iii) Action by United States

~~In order to recover payment under this subchapter for such an item or service, the United States may bring an action against any entity which is required or responsible (directly, as a third-party administrator, or otherwise) to make payment with respect to such item or service (or any portion thereof) under a primary plan (and may, in accordance with paragraph (3)(A) collect double damages against that entity), or against any other entity (including any physician or provider) that has received payment from that entity with respect to the item or service, and may join or intervene in any action related to the events that gave rise to the need for the item or service.~~ In order to recover payment made under this title for an item or service, the United States may bring an action against any or all entities that are or were required or responsible (directly, as an insurer or self-insurer, as a third-party administrator, as an employer that sponsors or contributes to a group health plan, or large group health plan, or otherwise) to make payment with respect to the same item or service (or any portion thereof) under a primary plan. The United States may, in accordance with paragraph (3)(A) collect double damages against any such entity. In addition, the United States may recover under this clause from any entity that has received payment from a primary plan or from the proceeds of a primary plan's payment to any entity. The United States may not recover from a third-party administrator under this clause in cases where the third-party administrator would not be able to recover the amount at issue from the employer or group health plan and is not employed by or under contract with the employer or group health plan at the time the action for recovery is initiated by the United States or for whom it provides administrative services due to the insolvency or bankruptcy of the employer or plan.

~~(iii)~~ (iv) Subrogation rights

The United States shall be subrogated (to the extent of payment made under this subchapter for such an item or service) to any right under this subsection of an individual or any other entity to payment with respect to such item or service under a primary plan.

carrier notifies both the beneficiary and the beneficiary's attorney. It retains copies for the file. If the beneficiary has not engaged counsel, there will probably be no procurement costs to subtract from Medicare's claim. As with beneficiaries and their attorneys, contractors are not permitted to conduct negotiations with liability insurers.

## 50.4.4 - Designations in Settlements

**(Rev. 1, 10-01-03)**

**A3-3418.7**

In general, Medicare policy requires recovering payments from liability awards or settlements, whether the settlement arises from a personal injury action or a survivor action, without regard to how the settlement agreement stipulates disbursement should be made. That includes situations in which the settlements do not expressly include damages for medical expenses. Since liability payments are usually based on the injured or deceased person's medical expenses, liability payments are considered to have been made "with respect to" medical services related to the injury even when the settlement does not expressly include an amount for medical expenses. To the extent that Medicare has paid for such services, the law obligates Medicare to seek recovery of its payments. The only situation in which Medicare recognizes allocations of liability payments to nonmedical losses is when payment is based on a court order on the merits of the case. If the court or other adjudicator of the merits specifically designate amounts that are for payment of pain and suffering or other amounts not related to medical services, Medicare will accept the Court's designation. Medicare does not seek recovery from portions of court awards that are designated as payment for losses other than medical services.

## 50.4.5 - Allegation of Preexisting Conditions

**(Rev. 1, 10-01-03)**

**A3-3418.8.A**

In some cases, the amount of the overpayment is questioned on the grounds that services included in the calculation were for preexisting conditions and should be omitted from the overpayment calculation.

When a beneficiary has filed suit for accident-related services, including services relating to exacerbation of an underlying condition as the basis for the complaint, the total amount of Medicare's payments should be used to calculate the amount of Medicare's recovery. The fact that the settlement or other documentation provides that all parties considered such services to be unrelated to the accident or injuries, does not justify omitting them from Medicare's recovery.

ALL-STATE LEGAL®
EXHIBIT
C